**FILED**
**May 26, 2026**
**01:14 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **TIMOTHY DUCKETT,**<br>　　　**Employee,**<br><br>**v.**<br><br>**MEMPHIS LIGHT GAS AND**<br>**WATER DIVISION,**<br>　　　**Employer.** | **Docket No. 2025-80-4053**<br><br><br>**State File No. 23574-2025**<br><br><br>**Judge Shaterra R. Marion** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

At a May 19 expedited hearing, Mr. Duckett sought medical and temporary disability benefits for injuries from inhaling gas at work. MLGW argued that the gas inhalation did not primarily cause his injuries. For the reasons below, the Court holds that Mr. Duckett is not likely to show at a compensation hearing that his work primarily caused his injuries.

### Claim History

On March 31, 2025, a gas canister exploded at work, and Mr. Duckett inhaled the sulfur hexafluoride (SF6). Paramedics put him in a containment suit and took him to the hospital.

Mr. Duckett sought treatment on April 23. His symptoms included persistent shortness of breath, chest pain, throat pain, and productive cough. Mr. Duckett testified he did not experience any of these symptoms before the exposure. A thorax CT scan taken a month after the accident showed "chronic appearing lung disease."

Two doctors offered causation opinions. Dr. Scott Sinclair, an authorized treating physician, but not one selected by panel, diagnosed Mr. Duckett with sarcoidosis. When asked if, considering all causes, Mr. Duckett's work injury more than 50% contributed to his sarcoidosis, he answered: "Uncertain it can be related to exposure to any kind of inhalant." He may have included a period after "uncertain," which would cause his opinion to read: "Uncertain. It can be related to exposure to any kind of inhalant." He also stated Mr. Duckett had no pre-existing condition.

In a second opinion from Dr. Omotooke Babalola on the "relationship between the exposure to SF6 and sarcoidosis," she wrote that at his initial evaluation, he had evidence of "ongoing chronic lung disease." Also, it "remain[ed] unclear [to her] if this [was] an [a]cute exacerbation of his underlying chronic disease or just disease progression from untreated chronic sarcoidosis." Dr. Babalola concluded that "the correlation with occupational gas exposure remains impossible to determine at this time."

## Findings of Fact and Conclusions of Law

Mr. Duckett must prove he would likely prevail at a compensation hearing. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To recover medical benefits, Mr. Duckett must show a physician, to a reasonable degree of medical certainty, found that his work injury contributed more than 50% in causing his current need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12).

He has not done so. Dr. Sinclair's causation opinion can be read one of two ways. In the first reading, "Uncertain it can be related to exposure to any kind of inhalant," Dr. Sinclair is not sure if sarcoidosis could have been caused by any inhalant whatsoever. In the second reading, "Uncertain. It can be related to exposure to any kind of inhalant," Dr. Sinclair is saying that any inhalant could cause Mr. Duckett's sarcoidosis. Under either reading, Dr. Sinclair does not definitively state that the gas Mr. Duckett inhaled at work contributed at all, let alone primarily, to his sarcoidosis.

Additionally, Dr. Babalola concluded that it is "impossible to determine" the correlation between Mr. Duckett's occupational gas inhalation at work and his sarcoidosis. Although Dr. Babalola states this could be an acute exacerbation of his underlying condition, she further explains it could be disease progression from untreated chronic sarcoidosis.

Mr. Duckett has not offered any medical opinion showing to a reasonable degree of medical certainty that his work injury contributed more than 50% in causing his current need for medical treatment, considering all causes. Therefore, he is not entitled to medical benefits.

As for temporary disability benefits, an injured worker is eligible if: "(1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7 (Dec. 11, 2015).

As stated above, Mr. Duckett did not show that he became disabled from a compensable work injury, so he is not entitled to temporary disability benefits.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Duckett's request for medical and temporary disability benefits is denied at this time.

2. The Court sets a status conference for **August 10, 2026, at 10:45 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED May 26, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

# APPENDIX

**Exhibits:**
1. Thorax CT Diagnostic Test
2. *[For Identification Only]* Concentra Medical Records Not Signed by a Physician – filed by Mr. Duckett
3. Medical Records Filed by Mr. Duckett
4. *[For Identification Only]* Concentra Medical Records Not Signed by a Physician – filed by MLGW
5. *[For Identification Only]* MLGW Memorandum On Respirator
6. *[For Identification Only]* Health Care Provider Approvals Not Signed by a Physician
7. Health Care Provider Approval Signed by a Physician
8. *[For Identification Only]* MLGW Memo Dated 1/12/23
9. *[For Identification Only]* MLGW Memo – Respirator Evaluation Second Request
10. *[For Identification Only]* MLGW Memo Dated 12/22/22
11. *[For Identification Only]* BMG Internal Medicine Clearance
12. *[For Identification Only]* Concentra Authorization Forms
13. Wage Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 26, 2026.

| Name | Email | Service sent to: |
|---|:---:|---|
| Scott Kramer, Andrew Wener, Employee's Attorneys | X | skramer@wenerlawfirm.com<br>awener@wenerlawfirm.com |
| Charles Mitchell, Employer's Attorney | X | cmitchell@blackmclaw.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*